Deval R. Zaveri (SBN 213501)
**ZAVERI TABB, APC**
402 West Broadway, Suite 1950
San Diego, CA 92101
Tel: (619) 831-6987
Fax: (619) 239-7800
dev@zaveritabb.com

Todd D. Carpenter (CA 234464)
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
1350 Columbia Street, Suite 603
San Diego, California 92101
Telephone: (619) 762-1900
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

*Attorneys for Representative Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORFMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>NEW ALBERTSON'S, INC., an Ohio Corporation, doing business in California as SAV-ON PHARMACY, and DOES 1-5, inclusive,<br><br>                              Defendant. | Case No:  8:17-cv-1659<br><br>**CLASS ACTION COMPLAINT**<br><br>Violation of Telephone Consumer Protection Act (47 U.S.C. §§ 227 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Dorfman ("Plaintiff") who brings this Class Action Complaint on behalf of himself and all others similarly situated, against Defendant New Albertson's, Inc. doing business in California as "Sav-on Pharmacy" ("Defendant"), and Does 1 through 5, states:

## NATURE OF THE ACTION

1.     This lawsuit is brought as a nationwide consumer class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA").

2.     On or around June 12, 2017, Plaintiff received a prerecorded artificial voice telephone message (*i.e.*, a classic "robocall") from Defendant soliciting Plaintiff to pick up an "order" from its pharmacy. Plaintiff is not a customer of Defendant's pharmacy, and did not expressly consent to receiving such a call. Since that date, Plaintiff has received at least nineteen (19) additional robocalls from Defendant, even after he requested that they stop. Nor did any of the calls provide an option for Plaintiff to opt-out of receiving the calls, as required by the regulations implementing the TCPA. Plaintiff is informed and believes that others throughout the United States have received similar robocalls from Defendant. These calls constitute violations of the TCPA as set forth herein.

## PARTIES

3.     Plaintiff Robert Dorfman resides in San Diego County, California, and is a citizen of California. Plaintiff is, and at all times mentioned herein was, a "person" as that term is defined in the TCPA at 47 U.S.C. § 153(39).

4.     Defendant New Albertson's, Inc. is an Ohio corporation that operates retail grocery stores named "Albertsons" out of its Southern California Division, based in Fullerton, California.

5.     Defendant New Albertson's, Inc. operates pharmacies named "Sav-on Pharmacy," inside Albertsons grocery stores. Defendant distributes, markets, and sells pharmaceutical and retail consumer products to consumers throughout the United States, including to tens of thousands of consumers in California. Defendant is, and at all times mentioned herein was, a "person" as that term is defined by 47 U.S.C. § 153(39).

6.     The true names and capacities, whether individual corporate, associate, or otherwise, of defendants sued herein as Does 1 through 5, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known.

7.     Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each defendant sued herein was the agent, servant, employer, joint venturer, partner, subsidiary, parent, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, ownership, subsidiary, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each remaining defendant sued herein.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction over Defendant and the claims set forth below pursuant to 28 U.S.C. § 1331 because this action arises from a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

9.     This Court has personal jurisdiction over Defendant because Defendant does business in this District.

10.     Venue is appropriate under 28 U.S.C. § 1391(b) because Defendant operates its Southern California stores out of this District.

## FACTUAL ALLEGATIONS

11.     Plaintiff is the subscriber of a wireless telephone number ending in "0000."

12.     Plaintiff is not a customer of Sav-on Pharmacy and has not given express consent to receive the calls from Sav-on Pharmacy.

13.     Between around June 12, 2017 and September 8, 2017, Plaintiff received at

least twenty (20) calls on his wireless telephone from Defendant, as captured in messages left on Plaintiff's voicemail.

14.    Each call was a prerecorded artificial voice call that used a computerized voice with pauses for the computerized insertion of information specific to the location of the Sav-on Pharmacy that placed the call.  Fifteen of the messages were in Spanish.  Plaintiff does not speak Spanish.

15.    The robocalls informed the Plaintiff that his "order" was ready for pick-up at Sav-on Pharmacy.

16.    In each instance, the calls that were in English left the following prerecorded artificial voice message on Plaintiff's voicemail:

> Hello.  This is courtesy call from Sav-on Pharmacy.  Our address is 9831 Campo Road.  We're calling to let you know your order is ready for pick-up at the pharmacy.  If you have any questions, please call us at (619) 461-9170.  You'll receive another call the next time your order is ready.  Again, this is a courtesy call from Sav-on Pharmacy.  Our address is 9831 Campo Road.  We're calling to let you know your order is ready for pick-up at the pharmacy.  If you have any questions please call us at (619) 461-9170.  You'll receive another call the next time your order is ready.  Thank you.  Goodbye.

17.    The calls that were in Spanish left a similar message.

18.    On at least once occasion, Defendant called Plaintiff more than once per day, and more than three times in one week.

19.    Not one of the messages to Plaintiff included an automated, interactive voice or key press-activated opt-out option enabling Plaintiff to make an opt-out request prior to terminating the call.

20.    Not one of the messages included a toll-free number that Plaintiff could call to opt-out of future such calls.

21.    On or around July 10, 2017, Plaintiff called Defendant and spoke to a person who identified himself as "Shawn" at Defendant's pharmacy located on Campo Road in San Diego County.  Plaintiff informed Shawn of the annoying robocalls and requested that

Defendant stop calling and harassing him.

22.     Despite this, Plaintiff has received at least eight calls since the termination request.

23.     Plaintiff has suffered a concrete injury-in-fact, and has a reasonable fear of future injury if the calls do not stop, because the calls invade his privacy, disturb his peace, are a nuisance, and are harassing.

24.     Plaintiff is informed and believes that other persons throughout the United States have also received such robocalls from Defendant.

## LEGAL OVERVIEW

### The TCPA

25.     The TCPA was enacted in 1991 in response to "[v]oluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes . . . ." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).  Congress specifically found that "telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy."  TCPA, Pub. L. No. 102-243, § 2(10), 105 Stat. 2394 (1991).

26.     Accordingly, the TCPA regulates, among other things, the use of artificial voice or prerecorded telephone calls.   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of an artificial or prerecorded voice to make any call to a wireless number in the absence of an emergency or the "prior express consent" of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).

27.     Whether the "prior express consent" may be oral, or must be in writing, depends on when the call was made and the nature of the call.  *See, e.g.*, *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protections Act of 1991*, 27 F.C.C. Rcd. 1830 (Feb. 15, 2012) ("2012 FCC Order").

28.     In 2012, the FCC expanded the scope of the TCPA, mandating that telemarketers obtain prior express written consent before placing a marketing call.  The

CLASS ACTION COMPLAINT

2012 FCC Order at ¶ 2 (holding in part, "we: (1) revise our rules to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines and accordingly eliminate the established business relationship exemption for such calls").

29.    The TCPA provides for statutory penalties of between $500 and $1,500 per violation. 47 U.S.C. § 227(b)(3).

### Certain HIPAA Calls Exempted from TCPA

30.    In 2015, the FCC permitted a limited exemption from TCPA consumer protections for certain calls subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015) ("2015 FCC Order"). Specifically, the FCC exempted "calls for which there is exigency and that have a healthcare treatment purpose, specifically:  appointment and exam confirmations and reminders, wellness checkups, hospital pre-registration instructions, pre-operative instructions, lab results, post-discharge follow-up intended to prevent readmission, prescription notifications, and home healthcare instructions."  2015 FCC Order at ¶ 146. The exemption applies to such robocalls "only if they are not charged to the recipient, including not being counted against any plan limits that apply to the recipient."  *Id*. at ¶ 148.

31.    Further, the exemption applies only if the caller complies with the following conditions:

1) calls must be sent only to the wireless telephone number provided by the patient;

2) the name and contact information of the healthcare provider must be stated at the beginning of the call;

3) the calls must not include any telemarketing, solicitation, or advertising, nor include any accounting, billing, debt-collection, or other financial content, and must comply with HIPAA privacy rules;

4) the calls must be concise, generally one minute or less in length;

5) the caller may initiate only one message (whether by voice call or text message) per day, up to a maximum of three voice calls or text messages combined per week;

6) the caller "must offer recipients within each message an easy means to opt out of future such messages, voice calls that could be answered by a live person must include an automated, interactive voice- and/or key press-activated opt-out mechanism that enables the call recipient to make an opt-out request prior to terminating the call, voice calls that could be answered by an answering machine or voice mail service must include a toll-free number that the consumer can call to opt out of future healthcare calls, text messages must inform recipients of the ability to opt out by replying "STOP," which will be the exclusive means by which consumers may opt out of such messages; and,

7) a healthcare provider must honor the opt-out requests immediately." 2015 Order ¶¶ 147-148.

32.   Calls that do not meet the strict conditions of the healthcare call exemption are subject to the TCPA.

## CLASS ACTION ALLEGATIONS

33.   The TCPA causes of action asserted herein are brought on behalf of Plaintiff and all other similarly situated persons nationwide, defined as follows:

All persons within the United States who received an artificial voice or prerecorded telephone call from Defendant, or a caller acting on behalf of Defendant, after October 16, 2013, to said person's wireless telephone number informing said person that an order was ready for pick-up.

34.   Excluded from the class definition are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such

excluded persons or entities.  Further excluded are Plaintiff's counsel and the assigned Judge and the Judge's family and staff.

35.    This suit seeks only statutory damages under the TCPA and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36.    ***Numerosity.***    The Class members are so numerous and geographically dispersed that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, including based on an investigation by counsel, that the proposed class contains hundreds, if not thousands, of members.

37.    ***Existence and Predominance of Common Questions of Law and Fact.***  The common questions of law and fact, that arise from Defendant's uniform pattern and practice of prohibited conduct, exist as to all Class members and predominate over questions affecting only individual Class members.  The common legal and factual questions include, but are not limited to, the following:

> a.    Whether Defendant made prerecorded calls to Plaintiff and the Class members;
>
> b.    Whether Defendant made artificial voice calls to Plaintiff and the Class members;
>
> c.    Whether the Defendant's calls met the healthcare exemption embodied in the 2015 FCC Order;
>
> d.    Whether the Defendant made the prerecorded and/or artificial voice calls in question with prior express consent;
>
> e.    Whether the alleged prior express consent was complaint with the TCPA;
>
> f.    Whether Defendant can establish a defense to liability;
>
> g.    The amount of statutory damages to be awarded to Plaintiff and each

Class member per violation; and

h.      Whether Defendant should be enjoined from engaging in such conduct.

38.      ***Typicality.***   The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common.   Plaintiff, like each member of the Class, received at least one prerecorded artificial voice call from Defendant that did not meet each of the healthcare call exemptions, thus, Plaintiff and the Class members were exposed to virtually identical conduct.   Moreover, Plaintiff seeks the same relief as the Class members.

39.      ***Adequacy of Representation.***   Plaintiff will fairly and adequately represent and protect the interests of the Class members, and he has no conflict of interest with other Class members.   Plaintiff has also retained experienced counsel who are competent in multi-party, class, and civil litigation.

40.      Plaintiff seeks on behalf of himself and the Class members, on grounds generally applicable to the entire Class:  a determination of liability; injunctive relief; the maximum statutory damages permitted by the TCPA; and attorneys' fees and costs.

41.      ***Superiority.***   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the likelihood of individual class members prosecuting separate claims is remote, and individual class members do not have a significant interest in individually controlling the prosecution of separate actions.   In this action, the statutory damages to which each individual Class member is entitled are relatively small, and the expense and burden of individual litigation would make it impracticable for proposed class members to prosecute their claims individually.   It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them, thereby allowing Defendant's unlawful conduct to continue unabated.  Furthermore, even if Class members could afford such individualized litigation, the court system could not:   individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, and it would increase the delay and expense to all parties and the court system from the issues raised by

this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, uniformity of decision, and comprehensive supervision by a single court, and it presents no unusual management difficulties under the circumstances here.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227 et seq.)

42.     Plaintiff incorporates by reference each of the above paragraphs of this Complaint as though fully stated herein.

43.     Defendant's foregoing acts and omissions constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

45.     Plaintiff and the Class members are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227 et seq.)

46.     Plaintiff incorporates by reference each of the above paragraphs of this Complaint as though fully stated herein.

47.     Defendant's calls to Plaintiff and the Class members constitute numerous violations of the provisions of the TCPA, including 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(B) and the 2015 FCC Order ¶¶ 146-148.

48.     Defendant's use of a prerecorded artificial voice in making the calls at issue

demonstrates that Defendant willfully called Plaintiff and the Class members without ensuring that they had provided prior express consent to being called.

49.     As a result of Defendant's violations of the TCPA, Plaintiff and the nationwide TCPA class are entitled to injunctive relief, as well as an award of $500.00 to $1,500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR A JUDGMENT:

A.     Certifying this case as a class action to afford the putative Class members the procedural benefit of the class action device and to avoid the multiplicity of individual actions;

B.     Certifying Plaintiff as the class representative, and certifying his attorneys, Deval Zaveri of Zaveri Tabb, APC, and Todd Carpenter of Carlson, Lynch, Sweet, Kilpela & Carpenter, LLP as Counsel for the Class;

C.     Awarding Plaintiff and the nationwide TCPA class members injunctive relief;

D.     Awarding Plaintiff and the nationwide TCPA class members maximum statutory damages, including the trebling of damages for Defendant's willful violations, as permissible pursuant to 47 U.S.C. § 227(b)(3);

E.     Awarding Plaintiff and the Class members pre-judgment and post-judgment interest;

F.     Awarding Plaintiff and the Class members attorneys' fees and costs; and

G.     Awarding Plaintiff and the Class members such other and further relief as may be appropriate.

///
///
///
///
///

# JURY DEMAND

50.     Plaintiff requests trial by jury of all claims that can be so tried.


Dated:  September 22, 2017                    /s/ Deval R. Zaveri
                                              Deval R. Zaveri


                                              Deval R. Zaveri
                                              **ZAVERI TABB, APC**
                                              402 West Broadway, Suite 1950
                                              San Diego, California 92101
                                              Telephone: (619) 831-6988
                                              Fax:   (619) 239-7800
                                              dev@zaveritabb.com

                                              Todd D. Carpenter (CA 234464)
                                              **CARLSON LYNCH SWEET
                                              KILPELA & CARPENTER, LLP**
                                              1350 Columbia Street, Suite 603
                                              San Diego, California 92101
                                              Telephone: (619) 762-1900
                                              Facsimile: (619) 756-6991
                                              tcarpenter@carlsonlynch.com

                                              Attorneys  for  Representative  Plaintiff
                                              Robert Dorfman